IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK COCHRAN                                                                                    PLAINTIFF

vs.                                           Civil No. 4:12-cv-04027

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Mark Cochran ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

1. **Background:**

Plaintiff filed an application for DIB on May 7, 2009. (Tr. 14).[1] Plaintiff alleged he was disabled due to degenerative arthritis, heart condition, and anxiety attack. (Tr. 124). Plaintiff alleged an onset date of January 20, 2009. (Tr. 124). This application was denied initially and again upon reconsideration. (Tr. 88-90, 94-97).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On October 26, 2009, Plaintiff requested an administrative hearing on his application. (Tr. 96). This hearing request was granted, and a hearing was held on September 15, 2010 in Little Rock, Arkansas. (Tr. 50-85). At this hearing, Plaintiff was present and represented by counsel. *Id.* Plaintiff, and a Vocational Expert ("VE") testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a GED. (Tr. 54).

On October 21, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 14-23). In this decision, the ALJ determined Plaintiff met the insured status of the Act through September 30, 2014. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 20, 2009. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the severe impairments of osteoarthritis and depressive disorder. (Tr. 16, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 17-21, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 19). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, he retained the RFC for light work. (Tr. 23, Finding 4). The ALJ also found Plaintiff had no postural, visual, communicative, manipulative, or environmental limitations; maintained the ability to learn, understand, remember, and carry out simple instructions and tasks; use judgment in making simple work-related decisions;

2

respond and relate appropriately to others, such as supervisors, but no public and minimal co-worker contact; maintain attention and concentration for at least two hour intervals; and adapt to and deal with simple changes in work settings and environments. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff had PRW as a printing press operator, forklift operator, and sales representative. *Id.* The ALJ determined Plaintiff was unable to perform any of his PRW. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22-23, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an eyeglass frame packager, semiconductor loader, and lens/film inspector with approximately 120,000 such jobs in the region and 1,200,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 20, 2009 through the date of the ALJ's decision. (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On January 27, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 19, 2012, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF No. 10, 12. This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a

preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

4

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, in his appeal brief, Plaintiff claims the ALJ erred in (1) his Step 5 Analysis and (2) in his RFC determination. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

#### A. ALJ's Step 5 Analysis

Plaintiff argues the ALJ erred in finding he could perform work in the national economy. ECF No. 10, Pg. 12-13. Plaintiff argues the VE did not take into account Plaintiff's claim that he would have to take unscheduled breaks during the workday and would be chronically absent. *Id.* A review of the record shows Plaintiff's argument is without merit.

During the hearing, the ALJ asked a hypothetical question of the VE involving an individual with the same chronological age, educational, and vocational background as Plaintiff. (Tr. 81-83). It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only

include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

  The ALJ found Plaintiff had the RFC to perform light work with some limitations. (Tr. 17, Finding 5). In response to a hypothetical question containing these limitations, the VE testified Plaintiff would be able to perform work as an eyeglass frame packager, semiconductor loader, and lens/film inspector with approximately 120,000 such jobs in the region and 1,200,000 such jobs in the nation. (Tr. 81-83). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 23).

  The medical record does not support Plaintiff's claim he would need unscheduled breaks and would be chronically absent from work. Plaintiff refers to medical evidence regarding back spasms, a cyst in his hip, and evidence of pancreatitis. ECF No. 10, Pg. 12-13. However, Plaintiff does not state why these issues would require Plaintiff to take unscheduled breaks or be chronically absent from work and the medical evidence Plaintiff cites does not support a claim Plaintiff would need to take unscheduled breaks or be chronically absent from work. *Id.* The medical evidence only shows Plaintiff has issues with back spasms, his hip, and pancreatitis.

  I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for light work. (Tr. 23, Finding 4). The ALJ also found Plaintiff had no postural, visual, communicative, manipulative, or environmental limitations; maintained the ability to learn, understand, remember, and carry out simple instructions and tasks; use judgment in making simple work-related decisions; respond and relate appropriately to others, such as supervisors, but no public and minimal co-worker contact; maintain attention and concentration for at least two hour intervals; and adapt to and deal with simple changes in work settings and environments. *Id.*

Plaintiff argues the ALJ's RFC finding is flawed because the RFC assessment did not properly account for back pain due to prolonged sitting and standing and limited hand activity due to rheumatoid arthritis. ECF No. 10, Pgs. 13-14. Plaintiff's argument consists of one paragraph and generically argues the medical evidence states Plaintiff's back pain is aggravated by prolonged sitting and standing. *Id*. Plaintiff only specifically refers to one medical document from Dr. Brian Bowen which is a letter requesting Plaintiff be excused from jury duty because his back condition prevents him from sitting for prolonged periods of time. (Tr. 1020).

Substantial evidence supports the ALJ's RFC determination. On July 22, 2009, Plaintiff underwent a General Physical Examination performed by Dr. Brian Oge. (Tr. 208-213). Dr. Oge did not place any limitations on Plaintiff's ability to stand or sit. *Id.* Similarly, Dr. Jerry Thomas prepared a Physical RFC Assessment of Plaintiff on July 30, 2009. (Tr. 214-221). Dr. Thomas also placed no limitations on Plaintiff's ability to stand or sit. *Id.*

Additionally, on July 7, 2011, Plaintiff underwent an MRI of his lumbar spine. (Tr. 972-973). This report showed Plaintiff's back issues had only slightly changed since his last MRI in 2007. *Id.* The report noted a central disc protrusion at L5-S1 appeared similar to the previous 2007 examination. (Tr. 973). This is significant in showing Plaintiff was employed with the same condition from 2007 through 2009 that he now claims makes him disabled.

As mentioned above, Plaintiff also argues the ALJ's RFC finding is flawed because the RFC assessment did not properly account for limited hand activity due to rheumatoid arthritis. ECF No. 10, Pgs. 13-14. Plaintiff does not cite to any medical evidence which shows his hand activity is limited due to rheumatoid arthritis. Plaintiff only states medical evidence showing a rheumatoid factor of less than 20 is evidence his hand activity is limited. *Id.*

8

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 26th day of March 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE